WO

LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jared Jacobsen,                )      No. CV 06-0168-PHX-MHM (VAM)
                               )
            Plaintiff,         )      **ORDER**
                               )
vs.                            )
                               )
                               )
Lieutenant Hudson,             )
                               )
            Defendant.         )
                               )
                               )

        This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Towers Jail in Phoenix, Arizona.  The Court will deny his motion to amend as procedurally improper, and allow him thirty days to submit a First Amended Complaint.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

        Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  No initial partial filing fee will be assessed by this Order. 28 U.S.C.

        [1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

JDDL

1 § 1915(b)(1). Plaintiff will be obligated for monthly payments of 20 percent of the preceding

2 month's income credited to Plaintiff's trust account.  The Court will direct the appropriate

3 agency to collect these monthly payments, which will be forwarded to the Clerk of Court

4 each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

5 28 U.S.C. § 1915(b)(2).

6     Plaintiff should take notice that if he is released before the filing fee is paid in full, he

7 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his

8 release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

9 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why

10 he is unable to pay the remainder of the filing fee.

11 **B.**    **Original Complaint and Motion to Amend**

12     Plaintiff's original Complaint concerns conditions at the Towers Jail.  He alleges that

13 the conditions are unsafe and harsh, that he has been denied religious materials, and that he

14 has been retaliated against for filing this lawsuit.  Plaintiff sues only Lieutenant Hudson.

15     Not long after Plaintiff filed his Complaint, he filed a motion seeking leave to file an

16 amended complaint.  He asserts that he has determined that Sheriff Arpaio and Jail

17 Commander Baumann are responsible for his claims, not Lieutenant Hudson.  He also wishes

18 to add a count for censoring his mail.

19     A plaintiff may amend his action once as a matter of course *without* leave of Court at

20 any time before a responsive pleading is served.  See FED. R. CIV. P. 15(a).  The Court has

21 not issued an order of service in this action and thus no responsive pleading could have been

22 served.  Consequently, at this time, Plaintiff is not required to request leave of Court to

23 amend his complaint.  He may simply file a First Amended Complaint.

24     Notably, Plaintiff's motion to amend is *not* accompanied by a proposed First

25 Amended Complaint.  Under the Local Rules of this Court, a prisoner seeking to amend a

26 complaint must submit a copy of the proposed pleading on the court-approved form.  See

27 LRCIV 3.4(a) (prisoner complaint must be filed in accordance with instructions); Information

28 and Instructions for a Prisoner Filing Civil Rights Complaint in the United States District

1  Court for the District of Arizona, ¶ I (amended complaint must be submitted using the court-
2  approved form).

3      For these reasons, Plaintiff's motion to amend will be denied. The Court will,
4  however, allow Plaintiff **thirty days** to file a First Amended Complaint using the court-
5  approved form.  To assist him in meeting this requirement, the Court will order the Clerk of
6  Court to send Plaintiff a copy of the court-approved form for a civil rights complaint.  If
7  Plaintiff does not file a First Amended Complaint, the Court will screen his original
8  Complaint.

9  **C.**    **Amendment.**

10      Plaintiff is advised that the amended complaint must be retyped or rewritten in its
11  entirety on the court-approved form and may not incorporate any part of the original
12  Complaint by reference.  Any amended complaint submitted by Plaintiff should be clearly
13  designated as such on the face of the document.

14      Plaintiff is also reminded that in an Amended Complaint, he may only include one
15  claim per count.  The "one claim per count" rule is set forth in the form Complaint and
16  accompanying instructions, and is a requirement imposed by the local rules of this Court.
17  See LRCIV 3.4(a) (complaint must be in accordance with the instructions provided with the
18  form).

19      An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
20  F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard
21  Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading
22  is treated as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an
23  original complaint which are not alleged in an amended complaint are waived.  King v.
24  Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

25  **D.**    **Motion to Appoint Counsel.**

26      Plaintiff seeks appointment of counsel, contending that his indigence and
27  imprisonment limit his ability to litigate this action.  There is no constitutional right to
28  appointment of counsel in a civil case.  See Ivey v. Board of Regents of University of Alaska,

673 F.2d 266 (9th Cir. 1982).  The appointment of counsel in a civil rights case is required only when exceptional circumstances are present.  Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding whether or not to appoint counsel.  Id.

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time.  Plaintiff's position is no different than other *pro se* litigants who have brought nearly similar claims. His status as a confined inmate, while limiting, does not make his action unusually complex. Numerous actions are brought by incarcerated persons.  Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. #3) will be denied.

**E.    Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED THAT:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  No initial partial filing is assessed.  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3)  Plaintiff's motion to appoint counsel (Dkt. #3) is **denied**.

JDDL

- 4 -

1    (4) Plaintiff's motion to amend (Dkt. #4) is **denied without prejudice** to filing a First

2    Amended Complaint. Plaintiff shall have **30 days** from the date this Order is filed to file A

3    First Amended Complaint in compliance with this Order.

4    (5)  The Clerk of Court is directed to provide to Plaintiff a current court-approved

5    form for filing a civil rights complaint by a prisoner.

6    DATED this 16th day of April, 2006.

7

8

9    _____

10   Mary H. Murguia
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

    You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

<u>Phoenix & Prescott Divisions</u>:          **OR**          <u>Tucson Division</u>:

U.S. District Court Clerk                                   U.S. District Court Clerk
U.S. Courthouse, Suite 321                           U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E. <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of___(month)___ , (year) , to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F. <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G. <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H. <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form. Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the  bottom  of  the  page  and  insert  the  additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If  you  have  filed  more  than  three  lawsuits,  you  must  provide  the  necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. Counts.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. Supporting Facts.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)        )
    Plaintiff,          )
            )
    vs.                  )  **CASE NO.** _____
            )  (To be supplied by the Clerk)
_____, )
_____, )
_____, )  **CIVIL RIGHTS COMPLAINT**
_____, )  **BY A PRISONER**
_____, )
(Full Name of Each Defendant)   )  ☐ Original Complaint
    Defendant(s).       )  ☐ First Amended Complaint
_____  )  ☐ Second Amended Complaint

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   c. ☐ Other: (Please specify.) _____.

2. Name of Plaintiff: _____.
   Present mailing address: _____.
   **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

   Institution/city where violation occurred: _____.

Revised 2/7/05                     1                          **550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="font-size:smaller">(Position and Title)</span>                                 <span style="font-size:smaller">(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="font-size:smaller">(Position and Title)</span>                                 <span style="font-size:smaller">(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="font-size:smaller">(Position and Title)</span>                                 <span style="font-size:smaller">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="font-size:smaller">(Position and Title)</span>                                 <span style="font-size:smaller">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

_____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____

_____

_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_

_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

4.  Second prior lawsuit:

a.  Parties to previous lawsuit:

Plaintiff: _____ .

Defendants: _____

_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

_____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____

_____

_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_

_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

5.  Third prior lawsuit:

a.  Parties to previous lawsuit:

Plaintiff: _____ .

Defendants: _____

_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.) _____

_____ .

c.  Case or docket number: _____ .

d.  Claims raised: _____

_____

_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) \_\_\_\_

_____ .

f.  Approximate date lawsuit was filed: _____ .

g.  Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.  Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count) ☐ Mail ☐ Access to the court ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____
_____.

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)         ☐ Mail              ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion     ☐ Retaliation
      ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                        ☐ Yes     ☐ No
      b.    Did you submit a request for administrative relief on Count II?           ☐ Yes     ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

5

## COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.


2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail               ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings     ☐ Property           ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                        ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                      DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.