**WO**                                                                                            JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Jared Jacobsen, | ) | CV 06-0168-PHX-MHM (VAM) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Pending before the Court are Plaintiff's: (1) First Amended Complaint and Memorandum of Law in support thereof (Doc. ## 9, 10); (2) "Request for Production of Documents by Defendant under Rule 34" (Doc. # 5); (3) Motion to Appoint Counsel filed on April 11, 2006 (Doc. # 6); and (4) Motion to Appoint Counsel filed on June 12, 2006 (Doc. # 12).  Plaintiff has already been granted leave to proceed *in forma pauperis*.  The Court will deny Plaintiff's motions for appointment of counsel and request for production of documents, and will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

JDDL-K

1  may be granted, or that seek monetary relief from a defendant who is immune from such

2  relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured

3  by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the

4  complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

5  Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can

6  possibly be saved," but not if the complaint "lacks merit entirely." Id. at 1129. A court

7  therefore should grant leave to amend if the pleading could be cured by the allegation of

8  other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

9      The Court should not, however, advise the litigant how to cure the defects. This type

10  of advice "would undermine the district judges' role as impartial decisionmakers." Pliler

11  v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

12  whether court was required to inform litigant of deficiencies). Plaintiff's First Amended

13  Complaint will be dismissed for failure to state a claim, *with* leave to amend because the

14  complaint may possibly be saved by amendment.

15  **II.   Complaint**

16      Plaintiff's First Amended Complaint concerns conditions at the Towers Jail, and he

17  sues only Sheriff Joe Arpaio. According to Count I, Defendant Arpaio forces "Plaintiff

18  class"[1] to sleep with three individuals in each cell and serves the inmates insufficient and

19

20      [1] Plaintiff's Amended Complaint appears to present itself as a class action lawsuit, see

21  Doc. # 9 at 4, 4A, and 6. However, the Court notes that Plaintiff's action is *not* a class action, but an individual action that must only raise Plaintiff's own constitutional claims. The Court

22  additionally notes that Plaintiff may be referring to Hart v. Hill, No. CIV 77-0479-PHX-EHC

23  (MS) (D. Ariz.), a class action lawsuit. It is unclear whether Plaintiff is attempting to argue that the conditions of confinement contravene the amended judgment in that matter.

24  However, the Court reminds Plaintiff that jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil

25  rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland,

26  334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116,

27  1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or

28  immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial

spoiled food.  Count II alleges that jail inmates are forced to wear clothing that identifies them as "unsentenced inmates."  Plaintiff avers that the sentenced inmates assault the unsentenced inmates because they are easy to identify.  Further, Plaintiff avers that his identification badge has an "h" to identify him as an alleged sex offender.  As a result, Plaintiff claims he has been assaulted 7 or 8 times because he is easily identifiable as an alleged sex offender.   In Count III Plaintiff avers that other inmates have filed §1983 lawsuits and have been placed in administrative segregation or have been denied proper food and hygiene materials.  Plaintiff further claims that other inmates have been physically assaulted and that Officer Freeman has been misusing the security override.

**III.    Failure to State a Claim**

   *A.   Failure to Link Claims to Defendant Arpaio*

   To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not connected any of his claims to Defendant Arpaio.  Plaintiff sues Arpaio in his individual and official capacities because he is "directly responsible for the upkeep of the jails" (Doc. # 9 at 2).  There are no other allegations set forth against him.

   Arpaio cannot be liable simply based upon his position.  There is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a person who allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor  is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.  There are no allegations to show that Arpaio participated

---

decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought in this action.  Instead, his allegations must separately state a violation of a constitutional right.

1    in or directed the alleged constitutional violations, or that he knew of the violations and
2    failed to act to prevent them.

3          Arpaio is liable only if he "play[ed] an affirmative part in the alleged deprivation of
4    constitutional rights." <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987).  In Arpaio's
5    individual capacity, this means that Plaintiff "must allege facts, not simply conclusions, that
6    show that an individual was personally involved in the deprivation of his civil rights."
7    <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154
8    (1999).  In Arpaio's official capacity, this means that Plaintiff must set forth allegations to
9    show that Arpaio either created or acted pursuant to an official policy or custom that caused
10   Plaintiff's constitutional injury.  <u>See</u> <u>Berry v. Baca</u>, 379 F.3d 764, 767 (9th Cir. 2004)
11   (quoting <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978)).  Without
12   any allegations regarding Defendant Arpaio's conduct, Plaintiff fails to state a claim against
13   him.  Because Defendant Arpaio is the only named Defendant, Plaintiff's Amended
14   Complaint must be dismissed for failure to state a claim.

15          *B.   Failure to State a Claim*

16          Plaintiff's First Amended Complaint additionally fails to present cognizable
17   claims for relief.  Count I does not allege any facts in support of his contention that the jail
18   is overcrowded.  Plaintiff fails to specifically set forth facts supporting these allegations, such
19   as the areas alleged to be overcrowded, when or how the lack of privacy, peace and quiet,
20   and/or any fighting or threats resulted in a violation of his civil rights.   Additionally,
21   Plaintiff's allegation that meals are insufficient and unwholesome are not supported by any
22   specific facts.

23          Count II similarly fails to allege facts to support a constitutional violation.  Plaintiff's
24   contention that being identified as an unsentenced inmate or as an alleged sex offender
25   subjects pretrial detainees to violence is unsupported by any specific facts or statements.
26   Plaintiff merely provides conclusions.  The Plaintiff "'bears the burden of pleading and
27   proving the absence of legitimate correctional goals for the conduct of which he complains.'"
28   <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (citations omitted).  The jail has a

1  reasonable penological interest in identifying inmates who have yet to be sentenced.  Plaintiff

2  has not attempted to allege the absence of a legitimate correctional goal.  Nor has Plaintiff

3  identified any specific instances of when he was targeted or attacked for his status as either

4  a pretrial detainee or an alleged sex offender.  In the absence of any specific allegation,

5  Plaintiff fails to state a cognizable constitutional claim.

6      In Count III, Plaintiff makes no attempt to present a claim on his own behalf.  Rather,

7  Plaintiff asserts that other inmates' §1983 claims have failed in the past, and the other inmates

8  have been placed in administrative segregation without cause.  "[A] plaintiff must allege [1]

9  *personal injury* [2] *fairly traceable* to the defendant's allegedly unlawful conduct and [3]

10  likely to be *redressed* by the requested relief." Idaho Conservation League v. Mumma, 956

11  F.2d 1508, 1513 (9th Cir. 1992) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984))

12  (emphasis in original). In Count III, Plaintiff has not alleged a personal injury.

13  **IV.    Leave to Amend**

14      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

15  failure to state a claim upon which relief may be granted.  Plaintiff may amend his First

16  Amended Complaint to cure the deficiencies outlined above.  The Clerk of Court will be

17  directed to provide Plaintiff with a Court-approved form for filing a civil rights Complaint.

18  Plaintiff is advised that the Amended Complaint must be retyped or rewritten in its entirety

19  on the court-approved form and may not incorporate any part of the original Complaint by

20  reference.  Any Amended Complaint submitted by Plaintiff should be clearly designated as

21  such on the face of the document.  Plaintiff will have 30 days from the date of filing of this

22  order to submit a Second Amended Complaint.  If Plaintiff's Second Amended Complaint

23  fails to state a claim, Plaintiff's action will be dismissed.

24      Plaintiff is also reminded that in a Second Amended Complaint, he may only include

25  one claim per count.  The "one claim per count" rule is set forth in the form Complaint and

26  accompanying instructions, and is a requirement imposed by the local rules of this Court.

27  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

28  form).

JDDL-K                                        - 5 -

1    An Amended Complaint supersedes the original Complaint. <u>Ferdik v. Bonzelet</u>, 963

2  F.2d 1258, 1262 (9th Cir.), <u>cert. denied</u>, 506 U.S. 915 (1992); <u>Hal Roach Studios v. Richard</u>

3  <u>Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading

4  is treated as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Thus, causes of action alleged in an

5  original Complaint which are not alleged in an Amended Complaint are waived.  <u>King v.</u>

6  <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

7  **V.  <u>Motions to Appoint Counsel.</u>**

8    Plaintiff has filed three motions in total seeking the appointment of counsel,

9  contending that his indigence and imprisonment limit his ability to litigate this action.  There

10  is no constitutional right to appointment of counsel in a civil case.  <u>See</u> <u>Ivey v. Board of</u>

11  <u>Regents of University of Alaska</u>, 673 F.2d 266 (9th Cir. 1982).  The appointment of counsel

12  in a civil rights case is required only when exceptional circumstances are present.  <u>Aldabe</u>

13  <u>v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328 (9th Cir.

14  1986).  "A finding of exceptional circumstances requires an evaluation of both 'the

15  likelihood of success on the merits [and] the ability of the petitioner to articulate his claims

16  *pro se* in light of the complexity of the legal issues involved.'"  <u>Wilborn</u>, 789 F.2d at 1331

17  (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both

18  of these factors together in deciding whether or not to appoint counsel.  <u>Id.</u>

19    The Court has reviewed and evaluated the First Amended Complaint and finds this

20  action presents no "exceptional circumstances" requiring the appointment of counsel at this

21  time.  Plaintiff's position is no different than other *pro se* litigations who have brought nearly

22  similar claims.  His status as a confined inmate, while limiting, does not make his action

23  unusually complex.  Accordingly, Plaintiff's Motions for Appointment of Counsel (Doc. ##

24  6, 12) will be denied without prejudice.

25  **VI.   Motion for Production of Documents**

26    Plaintiff filed a "Request for Production of Documents Under Rule 34" on April 11,

27  2006 (Doc. # 5).  Plaintiff requests Defendant Hudson to produce certain documents related

28  to jail procedures.  However, Plaintiff filed a First Amended Complaint that eliminated Lt.

Hudson as a Defendant.  Moreover, no Defendant has been served in this action, and requests for production of documents are premature.  Finally, Plaintiff's request is not germane to the issues he has presented in either of his Complaints.  As a result, Plaintiff's request will be denied.

**VII.   <u>Rule 41 Cautionary Notice</u>**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), <u>cert. denied</u>, 506 U.S. 915 (1992).

**VIII.  <u>Warnings</u>**

*1.  Release*

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance, or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

*2.  Address Changes*

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  <u>See</u> LRCIv 83.3(d).  Plaintiff shall not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

*3.  Copies*

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  FED. R. CIV. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCIv 5.4.  The Court may strike any filing that fails to comply with these requirements.

///

///

1    *4. Possible dismissal*

2        Plaintiff is warned that failure to timely comply with every provision of this Order,

3    including these warnings, may result in dismissal of this action without further notice.  See

4    Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action

5    for failure to comply with any order of the Court).

6        **IT IS THEREFORE ORDERED that:**

7        (1) Plaintiff's Motion for Appointment of Counsel filed on April 11, 2006 (Doc. # 6)

8    is **DENIED** without prejudice.

9        (2) Plaintiff's Motion for Appointment of Counsel filed on June 12, 2006 (Doc. # 12)

10   is **DENIED** without prejudice.

11       (3) Plaintiff's Request for Production of Documents under Rule 34 (Doc. # 5) is

12   **DENIED** without prejudice.

13       (4)  The Complaint is **DISMISSED** for failure to state a claim.  Within **30 days** from

14   the date this Order is filed, Plaintiff must submit a Second Amended Complaint.  If Plaintiff

15   files a Second Amended Complaint that fails to state a claim, Plaintiff's action will be

16   dismissed.

17       (5)  If Plaintiff fails to comply, the Clerk of Court shall enter a judgment of dismissal

18   of this action with prejudice and not that the dismissal falls under 28 U.S.C. § 1915(g).

19       (6)  The Clerk of Court shall mail Plaintiff a court-approved form for filing a civil

20   rights complaint by a prisoner.

21       DATED this 20th day of June, 2006.

22

23

24   _____

25                   Mary H. Murgula
                United States District Judge

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___,(year), to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

2

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)    Plaintiff, )
)
vs. )  **CASE NO.** _____
)     (To be supplied by the Clerk)
_____, )
)
_____, )
)    **CIVIL RIGHTS COMPLAINT**
_____, )       **BY A PRISONER**
)
_____, )  ☐ Original Complaint
(Full Name of Each Defendant)  Defendant(s). )  ☐ First Amended Complaint
)  ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    c.  ☐ Other: (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)</span>                                    <span style="font-size:small">(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)</span>                                    <span style="font-size:small">(Institution)</span>

    The second Defendant is sued in his/her:  ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)</span>                                    <span style="font-size:small">(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    <span style="font-size:small">(Position and Title)</span>                                    <span style="font-size:small">(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.   Parties to previous lawsuit:
         Plaintiff: _____.
         Defendants: _____
         _____.

2

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)   ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
   your institution?                                                           ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?          ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
   why you did not.  _____
   _____.

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
       in a different count)            ☐ Mail           ☐ Access to the court        ☐ Medical care
       ☐ Disciplinary proceedings       ☐ Property       ☐ Exercise of religion       ☐ Retaliation
       ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.    **Administrative Remedies:**
       a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
             your institution?                                                      ☐ Yes   ☐ No
       b.    Did you submit a request for administrative relief on Count II?         ☐ Yes   ☐ No
       c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
       d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
             why you did not. _____
             _____.

5

## COUNT III

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)         ☐ Mail         ☐ Access to the court      ☐ Medical care
      ☐ Disciplinary proceedings    ☐ Property     ☐ Exercise of religion     ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
      each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
      legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____ .

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                        ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count III?           ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not. _____

            _____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                               DATE                                                  SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.